Lernard Earl MATTHEWS, Appellant,

v.

The STATE of Texas, State.

Nos. 2–83–394–CR, 2–83–395–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 10, 1984.

John Linebarger, William R. Magnussen, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION ON COURT'S OWN MOTION FOR REHEARING

HUGHES, Justice.

Our prior opinion and judgment of October 3, 1984 is hereby withdrawn on the court's own motion and the following substituted therefor.

Lernard Earl Matthews has appealed his conviction for the offenses of aggravated robbery with serious bodily injury (No. 2–83–394–CR) and burglary of a habitation (No. 2–83–395–CR). Matthews was indicted for two counts of murder, two counts of burglary of a habitation, and one count each of aggravated robbery with a deadly weapon and aggravated robbery with serious bodily injury. He pled guilty to aggravated robbery with serious bodily injury and burglary of a habitation in exchange for the State's recommended sentence of 35 years in the Texas Department of Corrections in each case, to run concurrently.

We affirm.

At about 9:30 a.m. on October 1, 1982, the defendant, who was 15 years of age, was picked up for truancy by a Fort Worth police officer and taken to the assistant principal of Poly High School where he was enrolled. The principal called an officer from the youth division and informed him that the defendant had been continually absent for an extended period of time. When the youth division officer arrived, he learned that the defendant was also on probation. He then took the defendant to the Juvenile Detention Center.

Two days later, the defendant was removed from the Juvenile Detention Center and taken to the Fort Worth Police Department. After being warned of his rights by a magistrate, the defendant was taken to the 4th floor of the Police Department,

which is the homicide division. The designated juvenile division was on the 5th floor.

After admitting his participation in the murders of Ruby English and Alexander Ewing, the defendant was taken back down to the magistrate. He was warned of his rights a second time, after which he signed a written confession in the magistrate's presence. The juvenile court waived jurisdiction and certified the defendant to be tried as an adult.

■ The defendant raises two grounds of error on appeal: first, that the confession was tainted by the purported illegality of the arrest; and, second, that the confession was taken in violation of the defendant's rights as a juvenile since he was questioned on the 4th floor (homicide) rather than on the 5th floor (juvenile) of the Police Department.

In attacking the validity of the arrest, the defendant relies on TEX.EDUC.CODE ANN. sec. 21.039(c) (Vernon 1972), which states:

A school attendance officer shall not forcibly take corporal custody of any child anywhere without permission of the parent, guardian, or other person standing in parental relation to the child except in obedience to a valid process issued by a court of competent jurisdiction.

We find, however, that the arrest was expressly authorized by TEX.FAM.CODE ANN. sec. 52.01(a)(3) (Vernon 1975), which states that "[a] child may be taken into custody ... by a law-enforcement officer if there are reasonable grounds to believe that the child has engaged in ... conduct indicating a need for supervision...."

Under TEX.FAM.CODE ANN. sec. 51.-03(b)(2) (Vernon Supp.1984), "[c]onduct indicating a need for supervision" is defined as "the unexcused voluntary absence of a child on 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period from school."

The legality of the arrest is not affected by TEX.EDUC.CODE ANN. sec. 21.039(c) (Vernon 1972) because the police officer was told by the principal that there was no adult to whom the defendant could be turned over. We find that the confession was not tainted by the purportedly illegal arrest and overrule defendant's first ground of error.

■ The defendant's second ground of error is that the confession was taken in violation of his rights as a juvenile. In attacking the voluntariness of the confession, the defendant relies on TEX.FAM. CODE ANN. sec. 51.12 (Vernon 1975) which requires that juveniles be detained only in facilities designated as juvenile detention centers. Since the defendant's confession was given on the 4th floor of the Fort Worth Police Department, which is the homicide division, rather than on the 5th floor, which is the juvenile division, the defendant alleges that the confession should not have been admitted into evidence.

We find, however, that the admissibility of the confession is controlled by TEX. FAM.CODE ANN. sec. 51.09(b) (Vernon Supp.1984) which states:

[T]he statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

(1) when the child is in a detention facility *or* other place of confinement *or* in the custody of an officer, the statement is made in writing *and* the statement shows that the child has at some time *prior* to the making thereof received from a magistrate a warning that:

(A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;

(B) he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;

(C) if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;

(D) he has the right to terminate the interview at any time;

(E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and

(F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met. (Emphasis added.)

The juvenile defendant in this case was in the custody of a police officer at the time of questioning. It is our belief that TEX. FAM.CODE ANN. sec. 51.12 (Vernon 1975) was intended to apply to a more permanent form of detention than we have here. The only detention to which the defendant objects was the temporary period during which the defendant was questioned. We find that this temporary period is controlled by TEX.FAM.CODE ANN. sec. 51.-09(b) (Vernon Supp.1984) and not by sec. 51.12. Section 51.09 was complied with when the defendant was warned of his rights prior to questioning.

The facts of this case are different from those in *Matter of L.R.S.*, 573 S.W.2d 888 (Tex.Civ.App.—Houston [1st Dist.] 1978). In that case, the conviction was reversed because the juvenile defendant was not given a warning by a magistrate until after he had already been questioned in a non-juvenile facility. The court held that the subsequent warning was not sufficient to remove the taint produced by the unlawful questioning. In this case, however, the defendant was warned of his rights *prior* to any questioning. The confession was given voluntarily and without unlawful coercion.

■ Furthermore, it appears from the record that even if TEX.FAM.CODE ANN.

sec. 51.12 (Vernon 1975) were applied, the detention during questioning was in substantial compliance with that statute. During the time in question, the 4th floor homicide division was completely empty. The defendant never came in contact with adult offenders and, therefore, was not subjected to any coercion in the making of a statement. Since avoiding contact with adult offenders is the primary purpose of sec. 51.12, we find that the police complied with the intent of the law. The defendant's second ground of error is overruled.

Affirmed.